IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEVERICK SCOTT                                                                    PETITIONER
ADC #131042

V.                            NO. 5:12CV00247-DPM-JTR

RAY HOBBS, Director,                                                              RESPONDENT
Arkansas Department of Correction

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Deverick Scott, an inmate in the Arkansas Department of Correction

(ADC), challenging a prison disciplinary conviction. (Docket entry #1.) Respondent has filed a Response. (Docket entry #10.) Although directed to file a Reply, Petitioner did not do so and the deadline for filing has passed. (Docket entry #11.) Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will review the procedural history related to his disciplinary conviction.

On August 6, 2011, Cpl. Barbara Holloway observed Petitioner masturbating in the shower. She gave him several direct orders to stop. According to Cpl. Holloway, Petitioner responded with abusive and obscene language and threatened to kill her. (Docket entry #10-1, at 14, 19.)

Cpl. Holloway wrote a major disciplinary report charging Petitioner with: (1) an act defined as a felony or misdemeanor under state law; (2) indecent exposure; (3) making profane/obscene gestures to a staff member; (4) using abusive/obscene language to a staff member; and (5) failing to obey staff orders. (*Id.*) Two other officers submitted witness statements in support of the disciplinary charge. (*Id.* at 20-21.)

On August 15, 2011, Petitioner attended a disciplinary hearing and pleaded not guilty to the charges. During the hearing, Petitioner made the following statement: "You can look where she said she was [standing]. You can't see anything. I was in the

last shower. Sgt. Williams even said he didn't hear anything. Me and her had some altercations before when I had went to shower. She had called me all kinds [sic] bitches and punks. Ain't nobody going to disrespect me like [sic]. We both have called each other names." (*Id.* at 15.)

The Hearing Officer found that Petitioner was guilty of all of the disciplinary charges. (*Id.*) In explaining the factual basis for his decision, the Hearing Officer wrote that he had accepted Cpl. Holloway's report describing Petitioner's behavior in the shower, including his threats and use of abusive language. (*Id.* at 16.)

At the time he was convicted of these disciplinary violations, Petitioner was a "Class IV" prisoner, the lowest classification. (*Id.* at 14, 19.) As punishment, Petitioner was given thirty days in punitive isolation and his classification *remained* "Class IV." The Hearing Officer concluded his decision with the following statement: "[Petitioner] is a Class IV inmate, who must learn not to commit any felonies or misdemeanors against the State of Arkansas, not to indecently expose himself to staff, not to use abusive/obscene language towards staff, not to make any obscene gestures toward staff and to obey all written/verbal orders given by staff for security purposes." (*Id.* at 15-16.)

Petitioner unsuccessfully appealed the disciplinary decision to the unit warden, the Disciplinary Hearing Administrator, and the ADC Director. (*Id.* at 1-13.)

In his habeas papers, Petitioner argues that his disciplinary conviction should be "reversed" because: (1) he was denied due process by not being allowed to present a videotape from a camera in the vicinity that he believes would support his version of events; (2) the record was incomplete because in one section of the disciplinary charge it states the incident occurred at 9:57 p.m., and in another section it states the incident occurred at 9:57 a.m., (*see* docket entry #10-1, at 19); and (3) the charging officer filed a "fabricated report to conceal [Arkansas] policy on corporal punishment and in retaliation."[1] (Docket entries #1, at 4-11; #2, at 1-3.)

Respondent argues that this habeas action should be dismissed because: (1) Petitioner has failed to state cognizable habeas claims; (2) his claims are barred because he did not seek timely judicial review in state court; and (3) his constitutional right to due process was not violated.

The Court concludes that Respondent's arguments have merit and that this habeas action should be dismissed.

## II. Discussion

In order to state a viable due process claim arising from a prison disciplinary

---

[1] Petitioner seeks damages of $100 per day for the time served in punitive isolation. (Docket entry #1, at 11.) Damages are not recoverable in a federal habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

conviction, a prisoner must allege that he has a protected "*liberty interest*." In a prison setting, constitutionally protected liberty interests can only arise from: (1) the imposition of punishment or restraint on a prisoner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"; or (2) actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Placement in punitive isolation for thirty days or less, and the associated temporary suspensions of privileges, do *not* constitute the type of "atypical and significant" hardships that trigger the protection of the Due Process Clause.[2] *See id*. at 485-86 (no "liberty interest" implicated by thirty days in disciplinary segregation); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (no "liberty interest" implicated by nine months in administrative segregation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no "liberty interest" implicated by thirty-seven days in isolation and restricted privileges); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (no "liberty interest" implicated by thirty days in punitive segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive isolation and restricted

---

[2]In *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974), the United States Supreme Court held that a disciplinary conviction which results in a prisoner losing good time credits implicates a protected liberty interest. However, in this case, Petitioner did *not* lose any good time credit and his classification level before and after the conviction remained Class IV, the lowest inmate classification level.

privileges).

As a matter of law, the nature and extent of the punishment Petitioner received for the disciplinary conviction did not implicate a protected liberty interest. Accordingly, his due process challenge to that disciplinary conviction is without merit.

Petitioner's second argument, that the ADC violated its own rules because the disciplinary states the violation occurred at two different times, fails to state a viable habeas claim. *Phillips*, 320 F.3d at 847 (prison official's failure to follow prison policy does not rise to the level of a constitutional violation); *Kennedy*, 100 F.3d at 641, 643 (no due process claim arising from disciplinary hearing officer's failure to follow administrative regulations).

Finally, Petitioner makes the conclusory assertion that the charging officer "fabricated" the disciplinary report "in retaliation" for Petitioner having previously engaged in a profane verbal exchange with her. The Eighth Circuit has recognized that an allegedly false disciplinary charge—which is not otherwise actionable under the Fourteenth Amendment—may be actionable if the disciplinary charge was issued in retaliation for the inmate's exercising a constitutional right. *See Dixon v. Brown*, 38 F.3d 379, 379-80 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450, 451 (8th Cir. 1989).

In his habeas papers, Petitioner fails to allege or describe the "constitutionally protected activity" that he engaged in and that served as the basis for Cpl. Holloway issuing the allegedly retaliatory disciplinary. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (prisoner's allegations of retaliation must be more than "speculative and conclusory"). However, in his prison disciplinary appeals, Petitioner alleged that Cpl. Holloway issued the false disciplinary because of an earlier "verbal altercation ... where we both used obscene language." (Docket entry #2, at 11, 21.) Petitioner's prior involvement in that "verbal altercation" with Cpl. Holloway clearly does not rise to the level of a "constitutionally protected activity."

Furthermore, even if Petitioner had engaged in some constitutionally protected activity which served as the basis for Cpl. Holloway issuing him the disciplinary, the Eighth Circuit has made it clear that an otherwise actionable retaliatory disciplinary claim *still fails* if the disciplinary charge was based on *an actual violation of a prison rule* and "some evidence" supports the violation. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). In the prison disciplinary context, "some evidence" has been construed to mean "*any* evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added). Under this limited and deferential standard of review, federal courts are not required to examine the entire record, make an independent

assessment of credibility of witnesses, or reweigh the evidence.[3] *Id.* at 455.

In this case, Cpl. Holloway reported that: (1) she observed Petitioner masturbating; (2) he exposed his penis to her; (3) he threatened her; and (4) he used abusive and obscene language.[4] Petitioner was allowed to make a statement in his defense at the disciplinary hearing, which was conducted by an impartial decision-maker. He then was allowed to present his arguments for reversal in appeals to the unit warden, the disciplinary hearing administrator, and the ADC Director. At each level, the evidence was reviewed, Petitioner's arguments were considered, and the charging officer's account was upheld. (Docket entry #10-1, at 1, 5, 12, 16.) Because Petitioner's disciplinary conviction is unquestionably supported by "some evidence," his retaliation claim also fails.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket entry #1) be DISMISSED, with prejudice.

---

[3]As the Court held in *Hartsfield*, 511 F.3d at 831, this evidentiary standard permits prison officials to rely solely on officer violation reports to find inmates guilty of disciplinary infractions. Even if the officer's report is disputed by the inmate and supported by no other evidence, it constitutes "some evidence," as long as the hearing officer is an impartial decision-maker. *Id.*

[4]Thus, even if the disciplinary was retaliatory, it clearly was based on Petitioner's violation of numerous prison rules.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 26th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE